Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Fredric Eubanks**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Canyon Medical Clinic, LLC**, an Arizona company; and **Joshua Motl,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Fredric Eubanks, for his Verified Complaint against Defendants Canyon Medical Clinic, LLC **("Canyon Medical")** and Joshua Motl hereby allege as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**") and; A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**").

2. This action is also brought to recover minimum wage compensation, liquidated damages, treble damages, and statutory penalties resulting from Defendants'

violations of the FLSA and Arizona Minimum Wage Statute.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendants in this District.

**PARTIES**

6. At all relevant times to the matters alleged herein, Plaintiff Fredric Eubanks resided in the District of Arizona.

7. Plaintiff Fredric Eubanks was an employee of Defendants from on or around August 1, 2019 until on or around April 1, 2020.

8. At all relevant times, Plaintiff Fredric Eubanks was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times, Plaintiff Fredric Eubanks was an employee of Defendants as defined by A.R.S. § 23-362(A).

10. Defendant Canyon Medical is a company authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

11. Defendant Canyon Medical is a company authorized to do business in Arizona, and was Plaintiff's employer as defined by A.R.S. § 23-362(B).

12. Defendant Joshua Motl is an Arizona resident.

13. Defendant Joshua Motl has directly caused events to take place giving rise to

this action.

14. Defendant Joshua Motl is the owner of Canyon Medical.

15. Defendant Joshua Motl is a manager of Canyon Medical.

16. Defendant Joshua Motl is an employer of Canyon Medical.

17. Defendant Joshua Motl has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

18. Defendant Joshua Motl has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

19. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Joshua Motl is an employer.

20. Defendant Joshua Motl had the authority to hire and fire employees.

21. On or around August 1, 2019, Defendant Joshua Motl interviewed and hired Plaintiff.

22. Defendant Joshua Motl supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

23. Defendant Joshua Motl told Plaintiff that he needed him to help work at the Black Canyon City and Rimrock office locations after initially being hired for the Glendale office.

24. Defendant Joshua Motl determined the rate and method of Plaintiff's payment of wages.

25. When Plaintiff complained about his late payment of wages, Defendant Joshua Motl told him that he needed "just a little more time" and he'd "make it right."

26. Plaintiff only received one cash payment from Defendant Joshua Motl of $130 for the entire time of his employment.

27. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Joshua Motl is subject to individual and personal liability under the FLSA.

28. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

29. Defendants, and each of them, are sued in both their individual and corporate capacities.

30. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

31. Plaintiff has a reasonable belief, in his work for Defendants, that he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

32. Plaintiff has a reasonable belief, in his work for Defendants, that he was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020

33. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

34. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

35. Plaintiff, in his work for Defendants, regularly handled goods produced and

transported in interstate commerce.

36. Plaintiff is a covered employee under individual coverage.

37. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

38. The entity Defendant is a medical clinic.

39. On or around August 1, 2019, Plaintiff Fredric Eubanks commenced employment with Defendants as a medical assistant.

40. Plaintiff's primary job duties included obtaining medical history, taking vitals, intake procedures, vaccinations, answering phones, welcoming patients, updating and filing patient records, and scheduling appointments.

41. From on or around August 1, 2019 until December 31, 2019, Plaintiff Fredric Eubanks was supposed to be paid at a minimum wage rate of $11.00 an hour.

42. From on or around January 1, 2020 until April 1, 2020, Plaintiff Fredric Eubanks was supposed to be paid at a minimum wage rate of $12.00 an hour.

43. Plaintiff estimates that he worked around 40 hours per week for Defendants.

44. Plaintiff was a non-exempt employee.

45. Plaintiff only ever received one cash payment of $130 for the entirety of time he worked for Defendants.

46. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages owed to him.

47. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

48. Defendants failed to post and keep posted in a conspicuous place the required

poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

49. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

50. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

51. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

52. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

53. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

54. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation in accordance with 29 U.S.C. § 206.

55. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

56. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

57. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

58. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

59. Defendants have not made a good faith effort to comply with the FLSA.

60. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

61. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

62. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

63. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

64. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

65. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by

failing to pay minimum wages;

ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

B. For the Court to award backpay and compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

F. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

G. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and all other causes of action set forth herein;

H. Any other remedies or judgments deemed just and equitable by this Court

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED December 17, 2020.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff

**VERIFICATION**

Plaintiff Fredric Eubanks declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Fredric Eubanks